CLARENCE M. GRIDLEY, Respondent, *v.* WILLIAM H. WOOD, Appellant.

Third Department, December 28, 1917.

**Appeal — decisions of lay justices not reversible for technical errors of practice — error not justifying reversal.**

Higher courts are disinclined to reverse lay justices' decisions because of technical errors of practice, unless the errors affect a substantial right.

Hence, where the defendant, in an action in a city court, admitted plaintiff's claim but defended upon the ground of an open, mutual and current account, and evidence of an item was objected to as being barred by the Statute of Limitations, and the city judge received it subject to motion to strike out if defendant failed to establish his defense, and later reserved decision on a motion to strike out until after the close of the case, the error did not affect the disposition of the case and does not justify a reversal.

APPEAL by the defendant, William H. Wood, from a judgment of the County Court of Saratoga county, entered in the office of the clerk of said county on the 5th day of June, 1917, affirming a judgment of the City Court of Mechanicville in plaintiff's favor for thirty dollars and costs.

*John W. Searle,* for the appellant.

*Loucks & Alexander* [*Wallace T. Stock* of counsel], for the respondent.

WOODWARD, J.:

The action was to recover twenty-one dollars and fifty cents. The defendant admitted plaintiff's claim, but defended on the ground of an open mutual and current account in which

the plaintiff was debtor in the amount of five dollars and ninety cents.

One of the defendant's items was ten dollars and fifty cents for lettering a truck. Evidence of the item was objected to as being barred by the Statute of Limitations and the city judge received it subject to motion to strike out if defendant failed to show his open mutual and current account. The justice seems to have later reserved decision on a motion to strike out until after the close of the case. The appeal involves a questioning of this practice. The County Court affirmed the judgment.

We find no such error as would justify a reversal of this case. Higher courts are disinclined to reverse lay justices' decisions because of technical errors of practice unless the errors affect a substantial right. It is obvious that the error complained of did not affect the disposition of the case. The issue was one of credibility between the parties. The court seems to have disbelieved the appellant. Hence, whether he had stricken this bit of evidence from the record, or left it there and disbelieved it, the result is the same.

Accordingly the judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.